In the Matter of the Claim of JOSEPH JAMES, Respondent, against RUBEL CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Weekly award made for a schedule injury under subdivision 2 of section 14 of the Workmen's Compensation Law. Claimant, a mechanic, had worked for the employer only eighteen weeks during the year immediately preceding the injury, receiving twenty-four dollars a week, and in a similar employment for another employer for three weeks, receiving thirty-two dollars and fifty cents a week. In previous years he had received from the employer about forty-five dollars and fifty cents a week. The wage rate is based on the earnings of an employee of the same class working substantially the whole of the year. The award seems to contain an error in computation. Two-thirds of twenty-five dollars and thirty-one cents, the wage rate fixed, is sixteen dollars and eighty-eight cents. The compensation rate, therefore, is fixed at sixteen dollars and eighty-eight cents. The schedule loss was fifteen and one-third weeks. The total amount of the award is changed from $262.66 to $258.82. The award, as so modified, is affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.

In the Matter of the Claim of JAMES KELLY, Respondent, against GEORGE A. FULLER COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— On September 28, 1933, claimant was wheeling bricks on a plank which broke, and he was injured. The only point raised was that of wage rate. Claimant's compensation was fixed upon the basis of the pay of another in a similar employment. When injured claimant was a bricklayer's helper, earning one dollar an hour. At other times during the preceding year he had worked at a somewhat different labor receiving thirty-two dollars a week. The payroll used as a basis was that of a man whose weekly wages ranged from fifteen dollars to forty dollars, working about two-thirds of the time or a total of 1,658 hours during the year preceding, instead of 2,496 hours, eight hours a day for 312 days. The claimant had worked about two-thirds of the preceding year. All of the exhibits showing time worked, including the one on which the wage rate was based, appear from the record to be the carrier's exhibits. Thus the carrier itself offered the evidence that furnished the basis for the award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of GEORGE KESSLER, Respondent, against COLUMBIA MACHINE WORKS and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision and award by the State Industrial Board. The only question is wage rate. The rate was determined from a payroll submitted by the employer and carrier and adopted by the hearing referee. Part compensation has been paid under the wage rate as adopted. The evidence supports the claim that the rate was acquiesced in by the representative of the employer and carrier. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.